IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 26 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01391-ZLW

BENAD ABIODUN,

    Applicant,

v.

MARIO R. ORTIZ, DHS, BICE,
MAURER DOUGLAS, DHS, BICE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

___

ORDER DENYING MOTION TO RECONSIDER

___

Applicant Benad Abiodun has filed *pro se* on October 14, 2005, a "Motion to Re-Open Habeas Corpus Civil Action" and a "Motion to Request for a Counsel." The Court also has received on October 14, 2005, an "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." In the "Motion to Re-Open Habeas Corpus Civil Action," Mr. Abiodun asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on September 14, 2005. The Court must construe the "Motion to Re-Open Habeas Corpus Civil Action" liberally because Mr. Abiodun is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the "Motion to Re-Open Habeas Corpus Civil Action" will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. The "Motion to Re-Open Habeas Corpus Civil Action," which Mr. Abiodun filed in this action more than ten days after the Court's September 14, 2005, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action without prejudice for failure to exhaust state remedies after Mr. Abiodun failed to respond to an order directing him to show cause why the application should not be denied for failure to exhaust state remedies. Mr. Abiodun argues in the "Motion to Re-Open Habeas Corpus Civil Action" that he did exhaust state remedies but he does not explain why he failed to respond to the order to show cause in a timely manner.

Upon consideration of the "Motion to Re-Open Habeas Corpus Civil Action" and the entire file, the Court finds that Mr. Abiodun fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. As a result, the "Motion to Re-Open Habeas Corpus Civil Action" will be denied. However, Mr. Abiodun is reminded that the instant action was dismissed without prejudice. Therefore, if he wishes to pursue his claims, he may do so by filing a new civil action. Accordingly, it is

ORDERED that the "Motion to Re-Open Habeas Corpus Civil Action" and the "Motion to Request for a Counsel" filed on October 14, 2005, are denied. It is

FURTHER ORDERED that the "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" received on October 14, 2005, will not be filed.

DATED at Denver, Colorado, this 26 day of Oct., 2005.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01391-ZLW

Benad Abiodun
Prisoner No. G4066
Aurora/ I.C.E. Processing Center
11901 E. 30th Ave.
Aurora, CO 80010-1525

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals on 10/26/05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk